**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| GARY/CHICAGO INTERNATIONAL ) <br> AIRPORT AUTHORITY, ) <br>     Plaintiff, ) <br>         ) <br>     v. ) <br>         ) <br> ANTHONY ZALESKI, JR., *et al.*, ) <br>     Defendants, ) <br> _____) <br>         ) <br> ANTHONY ZALESKI, JR., *et al.*, ) <br>     Counter-Plaintiff, ) <br>         ) <br>     v. ) <br>         ) <br> GARY/CHICAGO INTERNATIONAL ) <br> AIRPORT AUTHORITY, ) <br>     Counter-Defendant, ) <br> _____) <br>         ) <br> ANTHONY ZALESKI, JR., *et al.*, ) <br>     Third-Party Plaintiffs, ) <br>         ) <br>     v. ) <br>         ) <br> OXY USA, INC., and NORTHERN ) <br> INDIANA PUBLIC SERVICE COMPANY,) <br>     Third-Party Defendants. ) | CAUSE NO. 3:15-CV-50-RLM-JEM |

**OPINION AND ORDER**

This matter is before the Court on Third-Party Defendant OXY USA Inc.'s Motion for a More Definite Statement [DE 32], filed by OXY on June 1, 2015. This Motion has been fully briefed. For the following reasons, the Court grants the Motion and requires a more definite statement.

On January 30, 2015, Gary/Chicago International Airport Authority filed a Complaint against Defendants Anthony Zaleski, Jr., Trust A-878, and Indiana Land Trust Company for claims related

to clean up of contaminated land acquired by Gary/Chicago Airport. On April 8, 2015, Defendants filed their answer, a counterclaim against Gary/Chicago Airport, and third-party claims against OXY USA, Inc., and Northern Indiana Public Service Company ("NIPSCO") for their contributions to the contamination. In the instant Motion, OXY requests that the Court order Defendants to file a more definite statement clarifying and identifying the property at issue in the Third-Party Complaint and the related allegations.

**ANALYSIS**

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored. *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010) ("Motions for a more definite statement should not be used to gain additional information, but, particularly in light of our liberal notice pleading requirement, should be granted only when the pleading is so unintelligible that the movant cannot draft a responsive pleading.") (quotations omitted).

There are several references to "the Property" in the original Complaint and in Defendants' Third-Party Complaint. The term is not specifically defined in the Third-Party Complaint, and references therein vary. Initially, it states that "[t]he Property consists of 153 acres of land," ¶ 11,

2

but the Third-Party Complaint also includes references to acreage acquired from multiple entities in a variety of different transactions. These amounts do not add up to 153 acres and are inconsistent with both the definition of "the Property" in the Complaint and the definition of "the Property" in Defendants' Counterclaim. OXY argues that the Third-Party Complaint creates ambiguity and confusion over what constitutes "the Property," and that the particular land that is at issue in the claims determines what claims or defenses are available to OXY.

To survive a motion for a more definite statement, a complaint need only "meet[] the notice pleading standards set forth in Rule 8 by notifying the opposing party of the nature of the claim so that they are able to respond." *Rosenbaum v. Seybold*, No. 1:06-CV-352, 2007 WL 1959241, at *1, 2007 U.S. Dist. LEXIS 48021, at *6 (N.D. Ind. July 2, 2007) (quotations omitted). The Third Party Complaint does not include claims of fraud or mistake that require a higher standard of pleading. *See id.*, 2007 WL 1959241, at *2, 2007 U.S. Dist. LEXIS 48021, at *7; *see also* Fed. R. Civ. P. 8(a), 9(b); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

OXY requests that Defendants be required to provide a statement specifically identifying "the Property" at issue in the Third-Party Complaint, including whether it is limited to and the same as that in the Complaint and how the parcels making it up were acquired or conveyed. Defendants argue that it does not matter what specific property it is referring to, since it is only seeking contribution from OXY to the extent that the Airport seeks to hold Zaleski liable. They argue that, since the claim is one for contributions, Zaleski cannot recover more than that which the Airport recovers from him, and if OXY did not contribute to the release of hazardous substances, it will not be liable. Although Defendants are correct when they state that motions for more definite statement should be used to correct unintelligibility and not for discovery, in this case OXY is seeking to obtain clarity on the claims against it, not to obtain discovery. Discovery should not be required to

3

determine what property Defendants are asserting form the basis of their claims and OXY should not be forced to pay for discovery and motions practice that could be avoided if the land was clearly identified. In their response, Defendants also specify that their third-party claims are limited to "the Airports's land," a limitation that does not appear in their Third-Party Complaint and which further demonstrates the need for clarification in that document.

The Third-Party Complaint does not provide enough information about what property is at issue for OXY to be able to respond to the claims. The Court therefore requires Defendants to make a more definite statement that allows OXY to identify "the Property" that is at issue in Defendant's Third Party Complaint, including whether the Third-Party Complaint addresses exactly the same property as the Complaint and enough information for OXY to identify "the Property," including the instruments by which Defendants acquired or conveyed the parcels that make up "the Property."

## CONCLUSION

Accordingly, the Court hereby **GRANTS** the Third-Party Defendant OXY USA Inc.'s Motion for a More Definite Statement [DE 32] and **ORDERS** Defendants Anthony Zaleski, Jr., Trust A-878, and Indiana Land Trust Company, to file and Amended Third Party Complaint identifying with specificity the property that is the subject of their claims, on or before **August 7, 2015**.

So ORDERED this 20th day of July, 2015.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record

4